# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GASTON,<br><br>        Plaintiff,<br><br>    v.<br><br>TOMMY REDMON, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-01434-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER BE DENIED<br><br>(Doc. 16)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

      Plaintiff Anthony Gaston ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On May 3, 2010, Plaintiff filed a motion requesting a preliminary injunction. (Doc. #16.) Plaintiff requests that the Court order prison officials at Kern Valley State Prison to return Plaintiff's property to him so he can prepare and file an amended complaint before the deadline set by the Court.

      The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

///

1

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, <u>by a clear showing</u>, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

Plaintiff filed his amended complaint on July 9, 2010. (Doc. #21.) Accordingly, the Court will recommend that Plaintiff's motion be denied as moot.

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 2, 2011**            /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE