# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GASTON, | CASE NO. 1:09-cv-01434-AWI-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF PLAINTIFF'S FEDERAL CLAIMS, WITH PREJUDICE, AND REMANDING ACTION TO KERN COUNTY SUPERIOR COURT |
| v. | |
| TOMMY REDMON, | |
| Defendant. | (ECF. No. 21) |
| _____ / | OBJECTIONS DUE WITHIN THIRTY DAYS |

## I. Screening Requirement

Plaintiff Anthony Gaston ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was removed by Defendants from Kern County Superior Court on August 14, 2009. (ECF No. 1.) Currently pending before the Court is the First Amended Complaint, filed July 9, 2010. (ECF No. 21.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

## II.    Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at California State Prison, Sacramento. On February 24, 2007, while housed at Kern Valley State Prison, Plaintiff was placed in administrative segregation, and his personal property was inventoried and boxed. When Plaintiff reviewed the inventory sheet, he noticed that his gold chain was not listed on the form and he so informed Defendant Redmon. Defendant Redmon acknowledged that he had placed the chain and attached medallion in the box with Plaintiff's property. (First Amended Compl. 6, ECF No. 21.[1]) On several occasions Plaintiff saw Defendant Redmon and was reassured that his gold chain had been put with Plaintiff's property. (Id. at 7.)

On May 14, 2008, Plaintiff was released from administrative segregation and found that his gold chain and connected medallion were missing. Plaintiff filed an inmate appeal. (Id. at 8.) On June 10, 2009, Plaintiff asked Defendant Rendon what could be done to resolve the issue of his missing chain, and Defendant Rendon responded that he did put the chain in Plaintiff's property box. (Id. at 8-9.)

Plaintiff alleges that Defendant Redmon violated his right to free exercise of religion under the First Amendment which was demonstrated by Defendant Redmon's refusal to add the gold chain

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

to the property list, (id. at 11), his right to due process when Defendant Redmon listed the medallion but not the gold chain on the property form, and negligence, (id. at 12).  For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief under section 1983.

### III.    Discussion

#### A.    First Amendment Free Exercise

"Prison walls do not form a barrier separating prison inmates from the protections of the Constitution."  Turner v. Safley, 482 U.S. 78, 84 (1987).  Nevertheless, prisoners' constitutional rights are subject to substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); Bell, 441 U.S. at 546-47.

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion."  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted).  The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith.  Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part by* Shakur, 514 F.3d at 884-85.

Plaintiff fails to set forth factual allegations that he was prevented from engaging in any conduct which he sincerely believes is consistent with his faith.  Shakur, 514 F.3d at 884-85.  Plaintiff's complaint is devoid of any facts supporting a claim that Defendant Redmond infringed this right to free exercise of religion under the First Amendment.

#### B.    Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful postdeprivation remedy is available for the loss.  Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984).

Plaintiff's allegations fail to state a cognizable claim against Defendant Redmon for a violation of due process. As alleged in the complaint, Defendant Redmon listed the medallion but not the chain on the property form when Plaintiff's property was stored due to his being confined in administrative segregation. Plaintiff alleges that Defendant Redmon refused to add the chain to his property list, even when requested to after the fact. Even if Defendant Redmon failed to list the chain on the property list, the allegations in the complaint do not link Defendant Redmon to the loss of Plaintiff's property.

Additionally, whether the cause of the property loss was intentional and unauthorized or negligent, due process is satisfied if there is a meaningful postdeprivation remedy available to Plaintiff. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Plaintiff has failed to state a cognizable claim for a violation of due process.

### C. Fifth Amendment

The Fifth Amendment provides that "private property [shall not] be taken for public use, without just compensation. The Takings Clause of the Fifth Amendment "limits the government's ability to confiscate property without paying for it," and "is designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." Vance v. Barrett, 345 F.3d 1083, 1089 (9th Cir. 2003) (internal quotations and citation omitted). The loss of Plaintiff's property was not a taking for public use, and Plaintiff has failed to state a cognizable claim under the takings clause.

### IV. Conclusion and Recommendation

The Court finds that Plaintiff's complaint fails to state any claims upon which relief can be granted under § 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action Plaintiff has been granted an opportunity to amend the complaint, with guidance by the Court. Plaintiff has now filed two complaints without alleging facts against the defendant sufficient to state a claim under § 1983. The

Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff's complaint contains no viable federal claims against Defendant Redmon, and this action should therefore be remanded back to Kern County Superior Court for further proceedings.  28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

      Accordingly, based on the foregoing, the Court  HEREBY RECOMMENDS that:

1. Plaintiff's federal claims in this action be dismissed, with prejudice, for failure to state a claim upon which relief can be granted; and

2. The action be remanded back to Kern County Superior Court for resolution of Plaintiff's remaining state law claims.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 11, 2011**              /s/ Sandra M. Snyder
                                                             UNITED STATES MAGISTRATE JUDGE